IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACY SHERFEY, et al.　　　　:　　CIVIL ACTION
　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　:
JOHNSON & JOHNSON, et al.　　:　　NO. 12-4162

MEMORANDUM

McLaughlin, J.　　　　　　　　　　　　　August 17, 2012

　　　　　This action was filed in the Court of Common Pleas of
Philadelphia County on June 27, 2012 by Stacy Sherfey, as an
individual and as administrator of the estate of her son, Tracen,
and her husband Neil Sherfey.  The Sherfeys are residents of
Nevada.  They allege that when Stacy Sherfey administered three
doses of Infant's Tylenol to Tracen over two days in February,
2009, he experienced acute liver failure and died.  Compl.
¶¶ 102-08.  They bring products liability claims against Johnson
& Johnson ("J&J"); Johnson & Johnson Sales and Logistics Company;
McNeil-PPC, Inc. ("McNeil"); a number of their high-level
executives; Wal-Mart Stores, Inc., where the plaintiffs allege
they purchased the Infants' Tylenol; Inmar, Inc.; Carolina Supply
Chain Services, LLC; and Carolina Logistics Services, LLC.  The
plaintiffs allege that an improper or inadequately publicized
recall of medicines by the defendants led them to remain ignorant
of risks associated with Infants' Tylenol and caused their son's
death.

　　　　　The defendants removed the action to this Court on July

20, 2012, asserting that complete diversity exists between the plaintiffs and all properly joined defendants.  As part of their Notice of Removal, the defendants designated this action as related, under Local Rule 40.1, to two actions before the undersigned, one recently dismissed and one pending: In re McNeil Consumer Healthcare, et al., Marketing and Sales Practices Litigation, MDL No. 2190 ("the MDL"), and Moore v. Johnson & Johnson, et al., No. 12-490.  As a result of that designation, this action was assigned to the undersigned.

In the MDL, a number of actions were consolidated in this Court on behalf of plaintiffs who had suffered only economic injury as a result of having purchased drugs manufactured at plants with quality control problems and the alleged inadequate recall referred to above.  See In re McNeil, ___ F. Supp. 2d ___, 2012 WL 2885392, at *1 (E.D. Pa. July 13, 2012).  The Moore plaintiffs are Washington residents who purchased "Very Berry" Children's Tylenol at a Costco store in Union Gap, Washington, and have brought a products liability action against a similar set of defendants.  Moore v. Johnson & Johnson, Civil No. 12-490, Docket No. 1 Ex. A at ¶ 22 (E.D. Pa.).

The plaintiffs moved on July 24, 2012 to strike the defendants' designation and have the case reassigned by the Clerk of Court pursuant to this Court's random assignment system.  The Court will grant the motion because this case is not "related" to

<u>Moore</u> or the MDL under Local Rule 40.1.

I.   <u>The Rule</u>

        Local Rule 40.1 ("Assignment of Court Business")

provides:

        . . . .

        (b) . . . .

        (3) Related Cases. At the time of filing any civil
        action or proceeding, counsel shall indicate on the
        appropriate form whether the case is related to any
        other pending or within one (1) year previously
        terminated action of this court.

        A. Civil cases are deemed related when a case filed
        relates to property included in another suit, or
        involves the same issue of fact or grows out of the
        same transaction as another suit . . . .

        Newly filed cases marked by counsel as "related" to

earlier cases are automatically given to the judge before whom

those earlier cases were assigned.  The case may be referred to

the assignment clerk for reassignment if the judge "is of the

opinion that the relationship does not exist."  Local Rule

40.1(c)(1).

II.  <u>Discussion</u>

        The plaintiffs assert that this action "diverge[s]

significantly" from <u>Moore</u> and the MDL.  The defendants argue that

(1) there are a number of factual allegations that are identical

or nearly identical in both <u>Moore</u> and the instant case; (2) both

-3-

cases ultimately assert the same products liability theories of recovery; (3) almost all the same defendants are named; (4) the same "transactions or occurrences" are at issue in all three cases, namely quality control problems at McNeil and a deficient recall of medicines produced at its plants.  The Court concludes that although similar issues of fact and law as those in <u>Moore</u> and the MDL are undoubtedly raised by this case, the similarities are insufficient to render this case "related" to either as defined by Local Rule 40.1.

In interpreting the language of Rule 40.1(b)(3)(A), other judges of this Court have concluded that setting forth similar legal theories and having the same general factual basis giving rise to the claims in suit do not suffice for a case to be "related" to another.  The case of <u>Sellers v. Phila. Police Comm'r Timoney</u>, No. 01-3760, 2002 WL 32348499 (E.D. Pa. Feb. 7, 2002), is instructive.  Four cases had been filed in this Court alleging police misconduct in connection with the Republican National Convention; the first-filed, <u>Franks v. City of Philadelphia</u>, was randomly assigned to Judge Pollak, and three subsequent cases were marked by plaintiffs' counsel as related: <u>Fried v. City of Philadelphia</u>, <u>Cooper v. Mitchell</u>, and <u>Sellers</u>. All four cases set forth the same general set of allegations: federal, state, and municipal law enforcement had "conspired to frustrate the activities of . . . demonstrators" at the

-4-

convention.  <u>Sellers</u>, 2002 WL 32348499 at *1.

Judge Pollak concluded that <u>Fried</u> and <u>Cooper</u> were
related to <u>Franks</u> under Rule 40.1, but that <u>Sellers</u> was not.
Although <u>Fried</u> and <u>Cooper</u> were "hardly identical," they arose out
of arrests resulting from surveillance and undercover activity by
police officers occurring at a single warehouse where protesters
were organizing, as had the <u>Franks</u> plaintiffs.  <u>Sellers</u>, by
contrast, involved an "arrest and detention [that] took place at
a different time and place and under different circumstances"
than in <u>Franks</u>, and was thus unrelated.  <u>Id.</u> at *2-*3.

Indeed, another judge of this Court concluded that
cases are not related even if similar legal theories are advanced
against largely the same defendants.  <u>See, e.g.</u>, <u>Ignatyev v.
Chertoff</u>, No. 08-1547, 2008 WL 1757841, at *2 (E.D. Pa. Apr. 16,
2008) (Baylson, J.) (rejecting relatedness argument, because
naturalization case was "as 'related' to [the earlier action] as
it is to any other naturalization case in this district").  Rule
40.1 should be applied sparingly because the policies
underpinning the system of random assignment encourage
transparency, fairness, and avoiding the appearance of
arbitrariness.  <u>See id.</u>; <u>In re Yagman</u>, 796 F.2d 1165, 1177-78
(9th Cir. 1986) (in interpreting Central District of California
local rule permitting "direct transfer" of cases, cautioning
courts to be "meticulously careful" in actions that diverge from

random assignment).

As with <u>Ignatyev</u> and <u>Sellers</u>, the general facts giving rise to the claims in the MDL, <u>Moore</u>, and this case are similar and may well require similar proof.  That this case is a wrongful death suit, however, ensures that factual issues relating to the plaintiffs' pre-injury behavior, injury, and causation will be distinct from any such issues in <u>Moore</u> or in the MDL.  The plaintiffs in this action allege the purchase of a different medicine on a different date and from a different retailer than those in <u>Moore</u>, and they set forth a categorically different injury than that alleged by the plaintiffs in the MDL.

Finally, the Court has considered the argument raised by the defendants that the issue of relatedness was decided by the undersigned at oral argument in <u>Moore</u> on April 5, 2012.  <u>See</u> <u>Moore</u>, Tr. Hr'g Apr. 5, 2012 at 21 (No. 12-490 Docket No. 54) ("[L]ooking at the standard, I do think they are related."). However, the circumstances of the relatedness argument at the <u>Moore</u> hearing, which was held on a pending motion to remand, were far more limited than that before the Court on the instant motion.  In <u>Moore</u>, the Court repeatedly inquired of plaintiffs' counsel whether or not he intended to argue that that case had been marked related (to the MDL) improperly.  <u>See id.</u> at 11.  The <u>Moore</u> hearing itself was held almost three months after the case had been removed, and although the Court did not address the

-6-

waiver argument, <u>see id.</u>, its decision was not made on briefing as thorough as that on the instant motion.

The Court will grant the motion and refer this case to the assignment clerk for random assignment.  The virtues of transparency, avoiding the appearance of arbitrariness, and upholding the integrity of the random assignment system weigh in favor of a narrow interpretation of Rule 40.1 and for random assignment despite the similarities between this case, <u>Moore</u>, and the MDL.

An appropriate order will issue separately.